# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**PAUL HARRISON,**
**Claimant Below, Petitioner**

**FILED**

May 29, 2018
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 18-0173** (BOR Appeal No. 2052179)
                            (Claim No. 2016026275)

**CITY OF CHARLESTON,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Paul Harrison, by Patrick K. Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. City of Charleston, by James W. Heslep, its attorney, filed a timely response.

The issue on appeal is temporary total disability benefits. The claims administrator closed the claim for temporary total disability benefits on September 23, 2016. The Office of Judges affirmed the decision in its September 16, 2017, Order. The Order was affirmed by the Board of Review on February 5, 2018. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Harrison, a firefighter, injured his lower back in the course of his employment on April 8, 2016, while moving a patient from a cot to a bed. The claim was held compensable for a lumbar sprain. Mr. Harrison has a long history of lumbar spine problems predating the compensable injury.  A lumbar MRI taken on November 25, 2009, showed a disc herniation at L4-5, a small disc herniation at L5-S1, and degenerative changes from L4 to S1. A March 24, 2010, treatment note by Rida Mazagri, M.D., indicates Mr. Harrison had experienced constant back pain for the last seven months that radiated into the left hip and thigh. Dr. Mazagri

1

diagnosed back pain and left leg pain, likely related to the degenerative disc disease seen on MRI at L4-5 and L5-S1. Physical therapy was recommended.

Mr. Harrison was treated by Melissa Gamponia, M.D., on December 21, 2010. She indicated he was treated for a work related injury in which he twisted his back while carrying someone down icy stairs. He reported lumbar pain that radiated into the right hip and both legs. Dr. Gamponia diagnosed chronic lower back pain aggravated by the new injury. A January 4, 2011, lumbar MRI revealed a progression of the disc herniation at L4-5 since the previous MRI. There was also a mild herniation of L5-S1 and degenerative changes at L4-5 and L5-S1 with disc space narrowing. Mr. Harrison returned to Dr. Mazagri on February 16, 2011, and reported radiation into both legs and the right hip as well as right leg weakness and numbness. Dr. Mazagri recommended an L4-5 laminectomy and discectomy which was performed by Robert Crow, M.D., on March 25, 2011. Dr. Crow's April 25, 2011, treatment note indicates the surgery improved but did not completely eliminate Mr. Harrison's back pain, and he still had some right buttock pain and numbness in his toes.

Following the compensable injury in the instant claim, Mr. Harrison underwent a lumbar MRI which showed L4-5 and L5-S1 degenerative disc disease; multilevel facet arthropathy, most prominent at L4-5 and L5-S1; L4-5 protrusion with moderate foraminal stenosis and mild spinal canal stenosis; and L5-S1 osteophyte complex, mild facet hypertrophy, and foraminal stenosis. Mr. Harrison followed up with Dr. Crow on May 11, 2016. Dr. Crow noted that he could not tell from the MRI if the severe left foraminal stenosis was caused by a recurrent disc protrusion or scar tissue from the previous lumbar surgery, and he recommended a repeat MRI. On July 20, 2016, Dr. Crow opined that the MRI found scar/fibrous tissue with no obvious sign of a new surgical lesion.

Prasadarao Mukkamala, M.D., performed an independent medical evaluation on September 9, 2016, in which he noted the compensable condition of lumbar sprain. Dr. Mukkamala diagnosed lumbar sprain with history of L4-5 discectomy. He opined that Mr. Harrison needed no further treatment for the compensable injury. He found that the compensable injury was a soft tissue injury or lumbar sprain. Mr. Harrison's current symptoms were determined to likely be related to his underlying degenerative spondyloarthropathy. Dr. Mukkamala opined that he had received adequate treatment for the compensable sprain and there is no indication Mr. Harrison needs further treatment for the condition. Dr. Mukkamala stated that referral to the pain clinic was for the noncompensable degenerative condition only. Mr. Harrison was found to be at maximum medical improvement, and Dr. Mukkamala assessed 13% impairment.

Mr. Harrison testified in a deposition on March 9, 2017, that following his 2011 lumbar surgery, he returned to full duty work. He asserted that the compensable injury caused different symptoms than he previously experienced, in that this injury caused pain in his left leg when it was previously in his right leg. Mr. Harrison stated that he retired due to low back and lower extremity symptoms. He testified that Dr. Crow refused to perform a second surgery because it was his opinion that the symptoms were the result of scar tissue and surgery would worsen it.

Mr. Harrison also stated that he had experienced flair ups due to everyday life since his 2011 back surgery.

On July 12, 2017, Bruce Guberman, M.D., performed an independent medical evaluation in which he diagnosed post-traumatic strain of the lumbar spine. He noted that Mr. Harrison had a prior lumbar discectomy in 2011 and that symptoms improved but did not completely resolve. Dr. Guberman found Mr. Harrison had reached maximum medical improvement and needed no further treatment.

The claims administrator closed the claim for temporary total disability benefits on September 23, 2016. The Office of Judges affirmed the decision in its August 16, 2017, Order. It found that a preponderance of the evidence shows Mr. Harrison has reached maximum medical improvement. Drs. Mukkamala and Guberman both found that he had reached maximum medical improvement in their evaluations. Further, the medical records and deposition testimony indicate that Mr. Harrison's symptoms have plateaued. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on February 5, 2018.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Pursuant to West Virginia Code § 23-4-7a (2005), temporary total disability benefits will cease when the claimant has reached maximum medical improvement, has been released to return to work, or has returned to work, whichever occurs first. The evidence clearly shows that Mr. Harrison has reached maximum medical improvement. The case was therefore properly closed for temporary total disability benefits.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 29, 2018**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker